Affirmed and Opinion filed March 31,
2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00181-CR



Gregory Lynn
Lecourias II, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the County Criminal Court at Law No. 3

Harris County, Texas

Trial Court
Cause No. 1568947



 

OPINION 

Appellant Gregory Lynn LeCourias II appeals his
conviction for driving while intoxicated, claiming the trial court erred in
denying his motion to suppress.  We affirm.

Factual and Procedural
Background

Appellant was charged with the misdemeanor offense of
driving while intoxicated.  Appellant filed a pre-trial motion to suppress,
asserting the following:  (1) insufficient evidence supports a finding that
appellant operated a motor vehicle while intoxicated in the presence of an
officer; (2) insufficient evidence supports a probable cause finding that
appellant could have been arrested for public intoxication or that appellant committed
the offense of public intoxication in an officer’s presence; and (3) the
officer’s initial investigative detention was illegal.  The trial court held a
hearing on appellant’s motion, at which the State stipulated that appellant was
arrested without a warrant.

At the hearing, a witness testified that as he was
driving, he observed a silver Jeep traveling in the opposite direction that
crossed the roadway’s center line and entered his lane.  The witness claimed to
have swerved to avoid hitting the Jeep and then turned to follow the vehicle. 
The witness observed the Jeep swerving within its own lane and driving at
speeds well in excess of the posted speed limit.  The witness believed the
driver of the Jeep was intoxicated and notified authorities of his
observations.

The witness, who identified himself by name to a 911
dispatcher, relayed his observations to the dispatcher as he continued to
observe the Jeep maneuver erratically.  The witness followed the Jeep and
observed the vehicle twice nearly overturn as it rounded a bend in the road and
then stop in the middle of an intersection at a four-way stop.  The witness
observed the vehicle eventually make a u-turn and park on the street in front
of a home, where several men were congregated in the front yard.  The witness
observed the driver of the vehicle and a female passenger exit the parked
Jeep.  The driver held an orange plastic cup.  The witness remained on the telephone
with the dispatcher until officers arrived less than one minute later.

Officers arrived on the scene to investigate a possible
intoxicated driver, as relayed by the dispatcher.  An officer testified that he
already was aware of the description of the Jeep, the license plate number, and
the erratic manner in which the Jeep reportedly had been driven.  Upon the
officer’s arrival, he observed a silver Jeep parked along the side of the
roadway and several people standing next to the vehicle in front of the
residence.  The witness identified himself to the responding officers and
identified appellant as the person who had been driving the Jeep.  The officer observed
appellant standing in the front yard and asked appellant to speak with
officers; appellant obliged and walked out into the street.  

The officer noticed appellant was holding a cup.  The
officer took the cup and detected the scent of alcohol inside.  The officer also
detected the odor of alcohol on appellant’s breath and person. He also noted appellant’s
watery eyes, thick and slurred speech, and unsteadiness on his feet, all of
which the officer considered as signs of intoxication.  After administering
three field-sobriety tests, in which appellant demonstrated a level of
impairment by exhibiting six clues on an HGN test, six clues on a walk-and-turn
test, and three clues on a one-legged-stand test, the officer arrested
appellant for driving while intoxicated.

Appellant moved to suppress evidence of his arrest,
claiming his arrest was not justified because (1) the State failed to show he
committed the offense of operating a motor vehicle while intoxicated in the
presence or view of an officer; (2) the State failed to produce sufficient
evidence of probable cause to arrest him for public intoxication or that such
an offense was committed in an officer’s presence or view; and (3) the State
failed to prove that the officer’s initial investigative detention was legal.  The
trial court denied the motion.  Noting the witness’s description of the events
to the 911 dispatcher, which, in turn, had been relayed to arresting officers,
and the witness’s subsequent identification of appellant at the scene, the
trial court found that the officer had probable cause to arrest appellant.  When
appellant argued that he did not raise the issue of probable cause, the State
countered that appellant could have been arrested without a warrant under
article 14.03 of the Texas Code of Criminal Procedure, pertaining to a warrantless
arrest of a person found in a “suspicious place” upon a showing that the person
was guilty of a breach of the peace.  The trial court indicated that the
offense of driving while intoxicated is considered a breach of the peace.  Appellant
entered a “guilty” plea.  The trial court sentenced appellant to thirty days’
confinement and imposed a fine.

In a single issue, appellant asserts the trial court
erred in denying his motion to suppress.  According to appellant, the State did
not produce sufficient evidence to justify his warrantless arrest.  As a
result, appellant contends, all evidence of his illegal arrest should have been
suppressed and the trial court erred in denying his motion to suppress this
evidence.

Analysis

We review a trial court’s ruling on a motion to
suppress evidence under a bifurcated standard of review.  Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  At a suppression hearing,
the trial court is the sole finder of fact and is free to believe or disbelieve
any or all of the evidence presented.  Wiede v. State, 214 S.W.3d 17, 24
(Tex. Crim. App. 2007).  We give almost total deference to the trial court’s
determination of historical facts that depend on credibility and demeanor, but
review de novo the trial court’s application of the law to the facts as
resolution of those ultimate questions does not turn on the evaluation of
credibility and demeanor.  See Guzman, 955 S.W.2d at 89.  In this
particular case, whether the officers were justified in detaining appellant
does not turn on demeanor and credibility; rather, the issue turns on the legal
significance of the facts recounted by the witnesses.  See Derichsweiler v.
State, __ S.W.3d __, __ No. PD-0176-10, 2011 WL 255299, at *4 (Tex. Crim.
App. Jan. 26, 2011).  When, as in this case, there are no written
findings of fact in the record, we uphold the trial court’s ruling on any
theory of law applicable to the case and presume the trial court made implicit
findings of fact in support of its ruling so long as those findings are
supported by the record.  State v. Ross, 32 S.W.3d 853, 855–56 (Tex.
Crim. App. 2000).  We view a trial court’s ruling on a motion to suppress in
the light most favorable to the trial court’s ruling.  Wiede, 214 S.W.3d
at 24.  If supported by the record, a trial court’s ruling on a motion to
suppress will not be overturned.  Mount v. State, 217 S.W.3d 716, 724
(Tex. App.—Houston [14th Dist.] 2007, no pet.).

Was the arresting officer justified in detaining appellant?

Under the Fourth Amendment, an officer must have reasonable
suspicion to justify a warrantless detention of a person.  Derichsweiler,
2011 WL 255299, at *4.  An officer has reasonable suspicion to detain a person
if the officer has specific articulable facts that, when combined with rational
inferences from those facts, would lead a reasonable person to conclude that
the detainee is, has been, or soon will be, engaged in criminal activity.  Id. 
In applying this objective standard, we disregard the arresting officer’s
actual subjective intent, and, instead, we examine whether there was an
objectively justifiable basis for the detention.  Id.  We consider whether,
under the totality of the circumstances, an investigative detention was
justified by circumstances that, when combined, reasonably suggest the imminence
of criminal conduct even though each of the same circumstances, when taken in
isolation, may seem innocuous.  See id.  As relevant in this case, when
a citizen-informant has provided information, the only inquiry is whether the
information provided from the informant, when viewed through the prism of the
detaining officer’s particular level of knowledge and experience, objectively
supports a reasonable suspicion to believe that criminal activity is afoot.  Id. 
To justify an investigative detention the facts must support more than a
mere hunch or good-faith intuition that criminal activity is afoot.  Id.
at *5.

Appellant points to evidence that the arresting
officer did not witness appellant operating a motor vehicle at any point before
the arrest.  Reasonable suspicion to conduct an investigative detention of a
person for driving while intoxicated may be supplied by information acquired
from another person and need not arise from an officer’s personal
observations.  See id. at *4; Banda v. State, 317 S.W.3d 903, 910
(Tex. App.—Houston [14th Dist.] 2010, no pet.).  The detaining officer need not
be aware of every fact that objectively supports a reasonable suspicion to
detain.  Derichsweiler, 2011 WL 255299, at *4.  Cumulative
information known to cooperating officers at the time of the stop is considered
in determining whether reasonable suspicion exists.  Id.  As relevant in
this case, a 911 police dispatcher is ordinarily regarded as a “cooperating
officer” for making the reasonable-suspicion determination.  See id. 
Moreover, information provided to police from an identifiable
citizen-informant, who may be held to account for the accuracy and veracity of
the report, may be regarded as reliable.  Id.

Appellant asserts that the information the officer
received from the roadway witness was not enough to generate reasonable
suspicion that appellant had been driving while intoxicated.  In focusing on
the information known collectively to the arresting officer, we note that a
witness had observed appellant’s vehicle maneuver erratically on a public
roadway and believed that the driver was intoxicated.  The witness identified
himself to the dispatcher and had followed appellant to the location where
police made the arrest.  The roadway witness noted that the driver had carried
a plastic cup from the car, and the witness remained in contact with the
dispatcher until the officer arrived at the scene shortly thereafter.  See
Banda, 317 S.W.3d at 910.  This information adds significant weight to the other
information the witness had provided to authorities.  See id.  When the
officer spoke with appellant, the officer detected the odor of alcohol both inside
the cup and on or about appellant’s person and breath.  When considering the
totality of the circumstances, viewed objectively and in the aggregate, the
information collectively known to the officer suggests the possibility that
criminal activity was afoot.  See Derichsweiler, 2011 WL 255299, at *6. 
Therefore, the officer was justified by reasonable suspicion to conduct an
investigative detention of appellant.  See id.

Was the officer justified in arresting appellant without a warrant?

Once the officer spoke with appellant, the officer
noted the odor of alcohol in the cup and that appellant displayed physical
signs of intoxication.  The officer conducted several field-sobriety tests, in
which appellant exhibited a number of clues that suggested to the officer that
appellant was intoxicated.  Appellant contends that because the officer did not
observe him operating a motor vehicle, the officer was not justified in arresting
him without a warrant. 

Warrantless arrests are justified only in limited
circumstances that are outlined primarily in Chapter 14 of the Texas Code of
Criminal Procedure.  Swain v. State, 181 S.W.3d 359, 366 (Tex. Crim.
App. 2005).  Article 14.03(a)(1) authorizes the warrantless arrest of a person
found in a suspicious place and under circumstances that reasonably show the
individual has committed a breach of the peace.  Tex. Code Crim. Proc. Ann. art. 14.03(a)(1) (West 2005); see
Banda, 317 S.W.3d at 911–12.  The offense of driving while intoxicated is a
breach of the peace.  Miles v. State, 241 S.W.3d 28, 42 (Tex. Crim. App.
2007).  For a warrantless arrest to be justified under article
14.03(a)(1), the totality of the circumstances must show that (1) probable
cause existed to show that the accused committed a crime and (2) the accused
must be found in a suspicious place.  See Dyar v. State, 125 S.W.3d 460,
468 (Tex. Crim. App. 2003); Banda, 317 S.W.3d at 912.  

Probable cause for a warrantless arrest exists when
an officer possesses reasonably trustworthy[1]
information sufficient to warrant a reasonable belief that an offense has been
or is being committed.  Banda, 317 S.W.3d at 911.  We review de novo
whether the totality of the circumstances surrounding the arrest support a
finding that probable cause existed to justify appellant’s warrantless arrest. 
See id.  As discussed above, when armed with information provided by the
roadway witness via the 911 dispatcher (that appellant drove erratically) and
appellant’s dismal performance during the field-sobriety tests, in which appellant
exhibited signs of intoxication, the arresting officer had knowledge of
sufficient facts to form the reasonable belief that appellant drove while
intoxicated.  See id.

Although few places are inherently suspicious, the
“suspicious place” determination entails a fact-specific analysis.  See Dyar,
125 S.W.3d at 464–65; Banda, 317 S.W.3d at 912.  Any place may become a
suspicious place when considering the following circumstances: an individual is
at a particular location, accompanying circumstances raise a reasonable belief
that the individual committed a crime, and exigent circumstances call for
immediate action or detention by police.  See Banda, 317 S.W.3d at 912. 
A key element in determining whether a site is a suspicious place is the time
frame between the alleged offense and the apprehension of the suspect.  Dyar,
125 S.W.3d at 464–65; Banda, 317 S.W.3d at 912.

In the case under review, the area in front of the
home where appellant was arrested was a suspicious place because the officer
reasonably could believe that, based on the surrounding circumstances,
appellant drove while intoxicated and it was necessary to take prompt action to
ascertain appellant’s blood-alcohol level.  See Gallups v. State, 151
S.W.3d 196, 201–02 (Tex. Crim. App. 2004); Banda, 317 S.W.3d at 912. 
The record reflects that the arresting officer arrived on the scene less than
one minute after appellant parked his vehicle in front of the home, a fact which
also serves to support a finding that appellant was found in a suspicious
place.  See Dyar, 125 S.W.3d at 468; Banda, 317 S.W.3d at 912
(determining area in front of an accused’s home was a suspicious place based,
in part, on the fact that the arresting officer arrived within ten minutes of
the accused’s arrival at the home).  The totality of circumstances demonstrate
that the arresting officer had probable cause, appellant was in a suspicious
place, and exigent circumstances necessitated the officer’s immediate action.  See
Banda, 317 S.W.3d at 912.  Therefore, appellant’s warrantless arrest was
justified under article 14.03(a)(1).  See Tex. Code Crim. Proc. Ann. art. 14.03(a)(1); Banda,
317 S.W.3d at 912.

Because appellant’s initial detention and warrantless
arrest were justified, the trial court did not err in denying appellant’s
motion to suppress.[2] 
See Banda, 317 S.W.3d at 913.  We overrule appellant’s sole issue
on appeal.

The trial court’s
judgment is affirmed.

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

Publish — Tex. R. App. P. 47.2(b).

 









[1]
Appellant does not contest the reliability of the information given by the
roadway witness.





[2]
We need not consider appellant’s argument that he was potentially subject to a
warrantless arrest only for public intoxication.